In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

No. 22-3339

Criminal

UNITED STATES OF AMERICA,

Appellee,

v.

DESHAWN MICHAEL WATSON

Appellant.

Appeal from the United States District Court for the
District of Minnesota

BRIEF OF APPELLANT

ROBERT MEYERS
Assistant Federal Defender
District of Minnesota

U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858

Attorney for the Appellant

# SUMMARY AND REQUEST FOR ORAL ARGUMENT

The district court sentenced Deshawn Watson to 10 months in prison for violating his supervised release, the top of his guideline range of 4-10 months' imprisonment. In sentencing Watson to 10 months, the court noted a number of mitigating factors, such as Watson's obtaining a good job, his alcoholism, and him having some treatment successes. But the Court did not give these factors enough weight in its sentencing calculus. This was an abuse of discretion that resulted in an unreasonable sentence. Watson therefore urges this Court to find that his sentence was unreasonable, to vacate his sentence, and to remand for resentencing.

Watson requests that this Court grant him oral argument on this case. Ten minutes per side will suffice.

# TABLE OF CONTENTS

                                                                 **Page**

TABLE OF AUTHORITIES ................................................................................... iii

JURISDICTIONAL STATEMENT ..........................................................................1

STATEMENT OF ISSUE .........................................................................................2

STATEMENT OF THE CASE ..................................................................................3

SUMMARY OF ARGUMENT ..................................................................................4

ARGUMENT:

    I.    THE 10-MONTH SENTENCE IMPOSED ON DESHAWN WATSON WAS UNREASONABLE AND GREATER THAN NECESSARY ..................................................................................5

        A.  Standard of Review ...................................................................5

        B.  Revocation Sentencing ..............................................................5

        C.  Application .................................................................................8

CONCLUSION ........................................................................................................10

ADDENDUM:

Judgment in a Criminal Case
Certificate of Compliance and of Virus Free Electronic Brief
Certificate of Service

# TABLE OF AUTHORITIES

**CASES:**                                                                                                                         **Page**

*Gall v. United States,* 552 U.S. 38 (2007) ..............................................................2, 3

*United States v. Elbert,* 20 F.4th 413, 416 (8th Cir. 2021)...................................5, 7

*United States v. Growden,* 663 F.3d 982, 984 (8th Cir. 2011) ................................7

*United States v. Watters,* 947 F.3d 493, 497 (8th Cir. 2020).................................. 6

**STATUTES:**

18 U.S.C. § 3231 ........................................................................................................1

18 U.S.C. § 3553 (a) ..................................................................................... *passim*

18 U.S.C. § 3553(a)(2)(A). ....................................................................................... 6

18 U.S.C. § 3583(e)(3)....................................................................................*passim*

28 U.S.C. § 1291 ........................................................................................................1

**OTHER AUTHORITIES:**

USSG Ch. 7, Part A (2021)...................................................................................6, 7

# JURISDICTIONAL STATEMENT

The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota, presided at Deshawn Watson's final hearing on the revocation of supervised release on October 21, 2022. The government invoked jurisdiction of the District Court under 18 U.S.C. § 3231.

The district court clerk entered judgement on the docket on October 24, 2022. (R. Doc. 40.) Watson filed a notice of appeal on November 7, 2022. (R. Doc. 42.) This notice was timely within the meaning of Federal Rule of Appellate Procedure 4(b). Watson invokes the jurisdiction of the Court under 28 U.S.C. § 1291.

# STATEMENT OF ISSUE

## I.

**THE 10-MONTH TERM OF IMPRISONMENT IMPOSED FOR WATSON'S SUPERVISED RELEASE VIOLATON WAS AN UNREASONABLE ABUSE OF DISCRETION.**

18 U.S.C. § 3553(a)

18 U.S.C. § 3583(e)

*Gall v. United States*, 552 U.S. 38 (2007)

## STATEMENT OF THE CASE

In this appeal, Watson challenges the reasonableness of the 10-month prison sentence he received after his supervised release was revoked. The sentence was at the top of his advisory guideline range of 4-10 months' imprisonment. He contends that this sentence was not justified and that this Court should therefore reverse and remand for resentencing.

Watson pled guilty to one-count of possessing a firearm and ammunition illegally because he was a felon and was sentenced to 33 months' imprisonment and 3 years' supervised release in November 2017. (R. Doc. 3, at 5-6, 8.) He was released from custody in March 2020 and began serving his supervised release term.

In October 2022, Watson had a final revocation hearing before the district court. (R. Doc. 39; R. Doc. 40.) He admitted to violating the conditions of his supervised release in several ways. (Rev. Hrg. T. at 4; R. Doc. 34, at 1-3.) All of these violations were grade C violations, and his guideline range for these violations based on his Criminal History Category of II was 4-10 months' imprisonment. (Rev. Hrg. T. at 8; PSR at 9.) On the basis of these violations, the district court revoked his supervised release, sentencing him to 10 months' imprisonment and no supervised release to follow. (R. Doc. 40, at 2.) This appeal followed.

3

# SUMMARY OF ARGUMENT

The district court sentenced Deshawn Watson to 10 months in prison for violating his supervised release, the top of his guideline range of 4-10 months' imprisonment. In sentencing Watson to 10 months, the court noted a number of mitigating factors, such as Watson's obtaining a good job, his alcoholism, and him having some treatment successes. But the court did not give these factors enough weight in its sentencing calculus. This was an abuse of discretion that resulted in an unreasonable sentence. Watson therefore urges this Court to find that his sentence was unreasonable, to vacate his sentence, and to remand for resentencing.

# ARGUMENT

## THE TEN MONTH SENTENCE IMPOSED ON DESHAWN WATSON WAS UNREASONABLE AND GREATER THAN NECESSARY

Watson respectfully requests that this Court vacate the 10-month revocation prison sentence imposed by the district court. The 10-month sentence is at the top of his guideline range.

### A. Standard of Review

This Court reviews "the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." *United States v. Elbert,* 20 F.4th 413, 416 (8th Cir. 2021).

### B. Revocation Sentencing

The procedure for revoking supervised release is set forth in 18 U.S.C. § 3583(e)(3). The same provision governs determining a prison term after revoking supervised release. And § 3583(e) calls upon the district court to consider many (though not all) of the same sentencing factors that inform the original sentence under 18 U.S.C. § 3553(a).

Significantly, § 3583(e) omits the factor found at § 3553(a)(2)(A), which is the only sentencing factor authorizing a district court to consider the need to punish a defendant when imposing the original sentence. Specifically, that factor allows a district court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and *to provide just punishment* for the offense." (Emphasis added.) So, omitting this factor as one of the bases a district court can consider when fashioning a sentence after revoking supervised release is quite significant because it means that district court are not allowed to consider punishment as a valid bases in setting a revocation sentence. And this significant difference between original sentences and revocation sentences is intentional, as literature from the United States Sentencing Commission demonstrates. USSC, *Primer on Supervised Release*, at 1 (Feb. 2019).[1] The primary object of a revocation sentence is to sanction the defendant's "breach of trust" with the district court; not to impose punishment for the conduct leading to revocation, and certainly not to add additional punishment for the original offense. USSG Ch. 7, Part A, §§ 2 & 3 (2021); *accord United States v. Watters,* 947 F.3d 493, 497 (8th Cir. 2020).

---

[1] Available at https://www.ussc.gov/sites/default/files/pdf/training/primers/2019_Primer_Supervised_Release.pdf

Thus, in deciding whether to impose a revocation prison term—and the extent of any such term—the district court is to weigh the § 3553(a) factors listed in § 3583(e), bearing in mind a revocation sentence's purpose, *i.e.,* to sanction the defendant's "breach of trust" with the district court's conditions; not to penalize the conduct itself, nor add more sanctions upon the original offense. *See, e.g.,* USSG Ch. 7, Part A.

In weighing these revocation-sentencing factors to sanction the breach-of-trust conduct, this Court applies the same abuse-of-discretion standard that governs original sentencing. *Elbert,* 20 F.4th at 416. That is to say, this Court "review[s] a district court's sentence on revocation of supervised release for substantive reasonableness under the same reasonableness standard that applies to initial sentencing proceedings." *United States v. Growden,* 663 F.3d 982, 984 (8th Cir. 2011) (cleaned up). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* (cleaned up).

7

C.  **Application**

At the revocation hearing, Watson admitted to violating his supervised-release conditions in several ways. (Rev. Hrg. T. at 4; R. Doc. 34, at 1-3.) All of these violations were grade C violations, and his guideline range for these violations based on his Criminal History Category of II was 4-10 months' imprisonment. (Rev. Hrg. T. at 8; PSR at 9.)

For those violations, the district court imposed a 10-month revocation prison term on Watson. (R. Doc. 40, at 2). This is the top of the guideline range. The district court justified this sentence based on the number of the violations and the underlying conduct of the violations, such as not being truthful with the probation officer and visiting a residence that Watson was prohibited from visiting based on a Domestic-Abuse no-contact order. (Rev. Hrg. T. at 24-25.) To be sure, the Court did expressly recognize mitigating factors as well. Watson had obtained a good job that paid well, and he had worked hard at that job, putting in significant overtime. (*Id.* at 10, 24.) Moreover, he had obtained that job on his own without the help of probation. (*Id.* at 13, 24.) He also had some drug treatment successes, including clean drug tests, completing a substance-use disorder assessment, and attending drug treatment based on the assessment. (*Id.* at 11, 24.) A former drug-treatment counselor described

8

Watson as positive, kind, respectful, and a "good guy, heart and soul." (*Id.* at 11.) Finally, the Court also recognized that Watson's alcoholism was itself a mitigating factor. (*Id.* at 24.) But while the Court mentioned these factors, it did not give them enough weight when arriving at Watson's sentence.

The root of Watson's problems is his addiction to controlled substances. He had found and obtained a lawful, good-paying job all on his own, and he was working hard at that job. This is tremendously positive because having stable employment that pays well enough for a person to support himself is a key component of successfully reintegrating into civil society and of overcoming drug addiction. Watson had shown that he could do this, and his commendable efforts in this regard were all his own doing. He found and obtained this job on his own without the help of probation. He had completed a substance-use disorder assessment, had enrolled in drug treatment after that assessment, and had had a number of clean drug tests. These mitigating factors, when weighed appropriately, counsel against a sentence at the top of the guidelines. The purpose of a revocation sentence is not to punish a defendant—indeed, punishment is not a proper factor for revocation sentences as discussed above. Watson had taken concrete, positive strides in rehabilitating himself. He had also suffered some setbacks, but gains in some areas

9

followed by setbacks in others is common when someone is attempting to overcome a drug addiction, like Watson is. Given this, a sentence lower than the top of the guideline range was appropriate here, and is the sentence called for when the various factors are weighed appropriately. For these reasons, Watson respectfully requests that this Court vacate his sentence of 10 months' imprisonment and remand his case for resentencing.

## CONCLUSION

For the above reasons, this Court should vacate the judgment and remand for resentencing.

Dated: December 27, 2022	Respectfully submitted,

*s/ Robert Meyers*

_____
ROBERT MEYERS
Assistant Federal Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN  55415
Attorney for the Appellant

10

In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Appeal No. 22-3339 |
| Appellee, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF COMPLIANCE** |
| | ) | **AND OF VIRUS FREE ELECTRONIC** |
| DESHAWN MICHAEL WATSON, | ) | **BRIEF** |
| | ) | |
| Appellant. | ) | |

I hereby certify that the Brief of Appellant contains 1,546 words, excluding the table of contents, table of citations, statements with respect to oral argument, addendum and certificates of counsel and service, as counted by the word-processing system, Microsoft Word 2016 –Times New Roman font size 14, used to generate the brief. The brief otherwise complies with the type-volume limitations and typeface requirements set forth in F.R.A.P. 32(a)(7)(B) and (C) and Eighth Circuit Rule 28A(c).

I also certify that the electronic brief has been scanned for viruses and is virus free.

Dated: December 27, 2022

Respectfully submitted,

*s/ Robert Meyers*
_____
ROBERT MEYERS
Assistant Federal Defender
District of Minnesota

U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
612-664-5858

Attorney for the Appellant

11

In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

United States of America,                  Appeal No. 22-3339

    v.      Appellee,

                                                **CERTIFICATE OF SERVICE**

Deshawn Michael Watson,

              Appellant.

I hereby certify that on December 27, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Deshawn Watson

                                                    *s/ Sandra L. Seim*